| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| HENRY D. PALOCI III (California State Bar No. 268970) hpaloci@hotmail.com Henry D. Paloci III PA 5210 Lewis Road #5 Agoura Hills, CA 91301 Telephone: 805.498.5500 Facsimile: 866.565.6345 ☐ *Movant appearing without an attorney* ☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>CHRISTIAN APODACA,<br><br><br><br><br><br><br><br><br><br>                                                                      Debtor(s). | CASE NO.: 2:17-bk-16409-SK<br>CHAPTER: 13<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)**<br><br>DATE:4/18/2018<br>TIME: 8:30AM<br>COURTROOM: 1575 |
|---|---|

| **Movant:** JOHN R. DONALDSON, TRUSTEE OF SILVERGATE TRUST DATED 12/7/16 |
|---|

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012          ☐ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367          ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                          Page 1                                          **F 4001-1.RFS.RP.MOTION**

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 3/21/2018

Henry D. Paloci III PA
Printed name of law firm (if applicable)

Henry D. Paloci III
Printed name of individual Movant or attorney for Movant


/s/ Henry D. Paloci III
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 2                          F 4001-1.RFS.RP.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*specify*):
      Movant holds an assignment and an allonge conveying all rights in the subject promissory note and accompanying security interest to Movant.

2. **The Property at Issue (Property):**

   a. Address:

      *Street address*: 9470 Heiner St.
      *Unit/suite number*:
      *City, state, zip code*: Bellflower, CA 90706

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit __A___):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on (*date*) __5/24/2017__.

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*date*) _____.

   c. ☒ A plan, if any, was confirmed on (*date*) __8/14/2017__.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

      (1) ☒ Movant's interest in the Property is not adequately protected.

         (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

         (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

         (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

      (2) ☐ The bankruptcy case was filed in bad faith.

         (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

         (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

         (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

         (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

         (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

         (F) ☐ Other (*see attached continuation page*).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                         Page 3                         **F 4001-1.RFS.RP.MOTION**

(3) ☒ *(Chapter 12 or 13 cases only)*

    (A) ☐ All payments on account of the Property are being made through the plan.
        ☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☒ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____,
    which is  ☐ prepetition.  ☐ postpetition.

(6) ☐ For other cause for relief from stay

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

(2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other *(specify):*

6. **Evidence in Support of Motion: (D*eclaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☐ Other:

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                          Page 4                          **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1)   ☐ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.  Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.

3. ☒ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

9. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

12. ☒ If relief from stay is not granted, adequate protection shall be ordered.

13. ☐ See attached continuation page for other relief requested.

Date:  3/21/2018

Henry D. Paloci III PA
_____
Printed name of law firm (*if applicable*)
Henry D. Paloci III
_____
Printed name of individual Movant or attorney for Movant

/s/ Henry D. Paloci III
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) __John R. Donaldson_____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age.  I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐  I am the Movant.

   b. ☐  I am employed by Movant as (*state title and capacity*):

   c. ☒  Other (*specify*): Trustee of the Movant Trust

2. a. ☒  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property.  I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant.  These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

   b. ☒  Other (*see attached*):
   I handle my own books and records as regards this loan. The Movant is a trust I created that owns the note and holds the deed of trust. I am the person most knowledgeable regarding the facts contained herein.

3. The Movant is:

   a. ☒  Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.  A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit B____.

   b. ☐  Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary.  True and correct copies of the recorded security instrument and assignments are attached as Exhibit _____.

   c. ☐  Servicing agent authorized to act on behalf of the:

      ☐  Holder.
      ☐  Beneficiary.

   d. ☐  Other (*specify*):

4. a. The address of the Property is:

      *Street address*: 9470 Heiner St.
      *Unit/suite no.*:
      *City, state, zip code*: Bellflower, CA 90706

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
   Lot 31 of Section 13388, filed in Plat Book 360, Page 11, in the Public Records of Los Angeles County, California.
   See, Deed of Trust, which is attached hereto as Exhibit A.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 6                              **F 4001-1.RFS.RP.MOTION**

5.  Type of property (*check all applicable boxes*):

a. ☒ Debtor's principal residence     b. ☐ Other residence

c. ☐ Multi-unit residential     d. ☐ Commercial

e. ☐ Industrial     f. ☐ Vacant land

g. ☐ Other (*specify*):

6.  Nature of the Debtor's interest in the Property:

a. ☐ Sole owner

b. ☒ Co-owner(s) (*specify*): with joint tenant and co-obligor Sandra Gamez (not a debtor herein)

c. ☐ Lienholder (*specify*):

d. ☐ Other (*specify*):

e. ☒ The Debtor ☒ did ☐ did not  list the Property in the Debtor's schedules.

f. ☐ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed.

     The deed was recorded on (*date*) _____.

         Per Debtor's petition, Angel Bronsgeest owns a 1/3 interest in Global Orbit Inc.

7.  Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (*specify*) _____
that encumbers the Property.

a. ☒ A true and correct copy of the document as recorded is attached as Exhibit __A___.

b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
attached as Exhibit __B___.

c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
trust to Movant is attached as Exhibit _____.

8.  Amount of Movant's claim with respect to the Property:

|   | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 84132.13 | $ (156.54) | $ 83975.59 |
| b. | Accrued interest: | $ 9131.68 | $ 1811.00 | $ 10942.68 |
| c. | Late charges | $ 922.49 | $ 101.40 | $ 1023.89 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ 1026.00 | $ 1026.00 |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[          ] | $[          ] | $[          ] |
| g. | TOTAL CLAIM as of (*date*): | $ 94186.30 | $ 2781.86 | $ 96968.16 |

h. ☐ Loan is all due and payable because it matured on (*date*) _____

9.  Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action
has occurred*):

a.  Notice of default recorded on (*date*) _____ or ☒ none recorded.

b.  Notice of sale recorded on (*date*) _____ or ☒ none recorded.

c.  Foreclosure sale originally scheduled for (*date*) _____ or ☒ none scheduled.

d.  Foreclosure sale currently scheduled for (*date*) _____ or ☒ none scheduled.

e.  Foreclosure sale already held on (*date*) _____ or ☒ none held.

f.  Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*          Page 7          **F 4001-1.RFS.RP.MOTION**

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a. Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

    b. Number of payments that have come due and were not made: _____. Total amount: $_____

    c. Future payments due by time of anticipated hearing date (*if applicable*):

        An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

    d. The fair market value of the Property is $_____, established by:

        (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

        (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

        (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

        (4) ☐ Other (*specify*):

    e. **Calculation of equity/equity cushion in Property:**

        Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT:** $ | | | |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit <u>C</u>____ and consists of:

        (1) ☐ Preliminary title report.

        (2) ☐ Relevant portions of the Debtor's schedules.

        (3) ☐ Other (*specify*):

    g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

    h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
        By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                        Page 8                        **F 4001-1.RFS.RP.MOTION**

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☒ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
A plan was confirmed on the following date (*if applicable*): _8/14/2017___.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| 6 | | $ 388.04 | $ 2328.24 |
| | 6 | $ 16.90 | $ 101.40 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                    $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:                                             $ 1026.00
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:              $[                    ]

TOTAL POSTPETITION DELINQUENCY:              $ 3455.64

g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $_388.04_____ will come due on _4/20/2018___, and on the _20th_ day of each month thereafter. If the payment is not received by the _5th__ day of the month, a late charge of $_16.90_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):
$_388.04_____  received on (*date*) _9/1/2017_____
$_388.04_____  received on (*date*) _8/1/2017_____
$_388.04_____  received on (*date*) _7/1/2017_____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                   Page 9                        **F 4001-1.RFS.RP.MOTION**

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (date) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (date) _____, which is ☐ prepetition ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☐ Other (specify):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property include:

        1. Case name: _____
           Chapter: _____   Case number: _____
           Date filed: _____   Date discharged: _____   Date dismissed: _____
           Relief from stay regarding the Property ☐ was   ☐ was not  granted.

        2. Case name: _____
           Chapter: _____   Case number: _____
           Date filed: _____   Date discharged: _____   Date dismissed: _____
           Relief from stay regarding the Property ☐ was   ☐ was not  granted.

        3. Case name: _____
           Chapter: _____   Case number: _____
           Date filed: _____   Date discharged: _____   Date dismissed: _____
           Relief from stay regarding the Property ☐ was   ☐ was not  granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 10                                      F 4001-1.RFS.RP.MOTION

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/20/2018 | John Donaldson, Trustee | *John Donaldson, Trustee* |
|-----------|-------------------------|----------------------------|
| Date | *Printed name* | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 11                                **F 4001-1.RFS.RP.MOTION**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

5210 Lewis Road #5
Agoura Hills, CA 91301

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _3/21/2018_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kathy Dockery, Trustee
US Trustee, ustpregion16.la.ecf@usdoj.gov;Nicholas Gebelt, ngebelt@goodbye2debt.com
Michelle Ghidotti, mghidotti@ghidottilaw.com
Valerie Smith, claims@recoverycorp.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _3/21/2018_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Christian Apodaca, 9470 Heiner St., Bellflower, CA 90706
Sandra Gamez, 9470 Heiner St., Bellflower, CA 90706

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _3/21/2018_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Sandra Klein, 255 E. Temple St. Ctrm 1575, Los Angeles, CA 90012 (by regular mail or hand delivery

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _3/21/2018_ | Henry D. Paloci III | /s/ Henry D. Paloci III |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                Page 12                **F 4001-1.RFS.RP.MOTION**

3825574 R01

**This page is part of your document - DO NOT DISCARD**

## 05 0001931

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

JAN 03 2005    AT 8 A.M.

**TITLE(S) :**

**L E A D    S H E E T**

**FEE**

FEE $

**D.T.T**

**CODE 20**

D.A. FEE Code 20    $ 6

**CODE 19**

**CODE 9**

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.    Number of AIN's Shown

**THIS FORM NOT TO BE DUPLICATED**

EXHIBIT A

1/3/05

'Recording Requested By
Commonwealth Land Title

Loan No.  000655315495
Loan Product: Equity Line

**05  0001931**

RECORDING REQUESTED BY:
GMAC Mortgage Corporation DBA ditech.com

WHEN RECORDED MAIL TO:
GMAC Mortgage Corporation DBA ditech.com
3200 Park Center Dr. Suite 150, Costa Mesa, CA  92626

## 4527638   DEED OF TRUST AND ASSIGNMENT OF RENTS
### ~~REQUEST FOR NOTICE~~
#### Under Section 2924b Civil Code

MIN 10003750655315 4957

THIS DEED OF TRUST AND ASSIGNMENT OF RENTS, as amended and extended (this "Deed of Trust"), is signed to secure advances under a GMAC Mortgage Corporation DBA ditech.com    Home Equity Line of Credit Agreement, as amended or extended (the "Agreement"), it is dated as of  December 17, 2004  , and is an agreement among
Christian Apodaca, a single man and Sandra Gamez, an unmarried woman as Joint tenants

who reside(s) at  9470 Heiner Street, Bellflower, CA  90706                            as the grantor(s); and
Executive Trustee Services, Inc.                     as the trustee; and GMAC Mortgage Corporation DBA ditech.com
as beneficiary and The Mortgage Electronic Registration Systems Inc. PO Box 2026 Flint, MI 48501-2026 (MERS) also
beneficiary acting solely as a nominee for LENDER and LENDER's successors and assigns under this Deed of Trust.

Throughout this Deed of Trust, "we", "us" and "our" refer to grantor(s).  "LENDER" refers to
GMAC Mortgage Corporation DBA ditech.com        or its assigns. The "Account" refers to the Home Equity line
of credit account established by LENDER under the Agreement. "Trustee" refers to the trustee identified above, or any
substitute trustee.  "Borrower" refers to each person who signs the Agreement as borrower. The Agreement and this Deed
of Trust, taken together, are called the "Credit Documents"  "Signer" refers to any person (other than LENDER) who has
signed a Credit Document.

DESCRIPTION OF SECURITY

By signing this Deed of Trust, we irrevocably grant, bargain, sell and convey to Trustee, in trust, with power of sale, (a)
the real estate located at  9470 Heiner Street, Bellflower                      , County of  Los Angeles
State of CA    , more fully described in Schedule A; (b) all buildings and other structures on the property, (c) all rights we
may have in any road, alley, easement or license regarding the property or in any mineral, oil, gas or water which is part of the
property, (d) all rents and royalties from the property; (e) all proceeds of any insurance on the property and all refunds of
premiums on such insurance, (f) all proceeds of any taking (or threatened taking) of the property by any governmental authority
("condemnation"); and (g) all fixtures on the property at any time (collectively, the "Property").

The Property includes all rights and interests which we now have or which we may acquire in the future  For example, if
the security mortgaged under this Deed of Trust is a leasehold estate and we subsequently acquire fee title to the Property, the
rights and interests granted to MERS acting solely as a nominee for LENDER by this Deed of Trust will include the fee title that
we acquire. This Deed of Trust is also a Security Agreement under the California Uniform Commercial Code and we hereby
grant MERS acting solely as a nominee for LENDER a security interest in the personal property described in (d) through (g)
above. This Deed of Trust also constitutes a financing statement filed as a fixture filing in the official records of the county
recorder of the county where the Property is located, with respect to any and all fixtures included within the term "Property" and
with respect to any goods or other personal property that may now or hereafter become part of such fixtures.

SECURED OBLIGATIONS

We have signed this Deed of Trust to secure payment to LENDER by Borrower of up to $ 88,000.00   , plus
FINANCE CHARGES and any other amounts due LENDER under the Agreement (the "Total Balance Outstanding"), and
to secure performance by Borrower under the Agreement and our performance of the covenants of this Deed of Trust
(collectively, the "Secured Obligations")

Initial

GMAC-CA (REV 05/96)                                 -1-

1/3/05

| Customer Name: | CHRISTIAN APODACA | Page | 4 of 4 |
|---|---|---|---|
| Application #: | 000655315495 | | |
| Order #: | 4527638 | | |

*Scheleby*

~~Exhibit A~~ (Legal Description)

ALL THAT PARCEL OF LAND IN CITY OF BELLFLOWER, LOS ANGELES COUNTY, STATE OF CALIFORNIA, AS MORE FULLY DESCRIBED IN DEED DOC # 01-2137175, ID# 6277-007-013, BEING KNOWN AND DESIGNATED AS LOT 31, SECTION 13388, FILED IN PLAT BOOK 360, PAGE 11.

BY FEE SIMPLE DEED FROM STEPHEN M. GOODMAN AS SET FORTH IN DOC # 01-2137175 DATED 10/02/2001 AND RECORDED 11/08/2001, LOS ANGELES COUNTY RECORDS, STATE OF CALIFORNIA.

05 0001931

000655315495

*ORIGINAL*

# Home Equity Line of Credit
## Open-End Agreement

| | |
|---|---|
| **Borrower Name & Address:** | **Co-Borrower Name & Address:** |
| Christian Apodaca<br>9470 Heiner Street<br>Bellflower, CA 90706 | Sandra Gamez<br>9470 Heiner Street<br>Bellflower, CA 90706 |

**Lender Name & Address:**

GMAC Mortgage Corporation DBA ditech.com
3200 Park Center Dr. Suite 150
Costa Mesa, CA 92626

**Terms:**

| | |
|---|---|
| Agreement Date: | December 17, 2004 |
| Maturity Date: | 11/17/2029 |
| Credit Limit: | $88,000.00 |
| Loan Number: | 000655315495 |
| Initial Rate: | 5.000 % |
| Draw Period: | 180 Months |
| Repayment Period: | 120 Months |
| Annual Fee: | $ 35.00 |

**1. COLLATERAL.** This Equity Line of Credit is secured, via a separate security instrument (mortgage or deed of trust), by the Subject Property which is more commonly known as:

9470 Heiner Street
Bellflower, CA 90706

**2. DEFINITIONS.** The following terms, as used in this Agreement, have the following meanings:

**Agreement.** Agreement refers to this Home Equity Line of Credit Agreement, and any extensions, renewals, modifications and substitutions of it.

**Billing Cycle.** Billing Cycle means the interval between the days or dates of regular periodic statements. My Billing Cycle is monthly. My Billing Cycle ends monthly and my payments will be due monthly on the 20th of each month no less than 30 days following the agreement date.

**Credit Limit.** Credit Limit means the maximum amount of the principal you will permit me to owe you under this Line of Credit, at any one time.

**Line of Credit.** Line of Credit refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction such as applications, security agreements, disclosures or notes, and this Agreement.

**Loan Account Balance.** Loan Account Balance means the sum of the unpaid principal balance advanced under the terms of this Agreement plus finance charges consisting of accrued interest and certain fees and charges plus credit insurance premiums that are due plus other amounts advanced to me or others under the terms of this Agreement.

**Pronouns.** The pronouns "I", "me", "us" and "my" refer to all Borrowers signing this Agreement, individually and together. "You" and "your" refer to the Lender, any participants, successors and assigns, or any person or company that acquires an interest in the Line of Credit.

**Interpretation.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Agreement.

**Subject Property.** Subject Property means any real property that secures my performance of the obligations of this Line of Credit.

**Additional Terms.** Additional terms are defined and capitalized throughout this Home Equity Line of Credit Agreement.

**3. APPLICABLE LAWS.** This Agreement is governed by the laws of California, the United States of America, and, to the extent required, by the laws of the jurisdiction where the subject property is located.

**4. TAX IMPLICATIONS.** I understand that I should consult with a tax advisor or tax attorney regarding the deductibility of interest and charges under this Home Equity Line of Credit.

EXHIBIT B

**5. INSURANCE.**

**Property Insurance.** I understand that I am required to insure or retain insurance coverage on the Subject Property and abide by the insurance requirements of the security instrument that secures this Home Equity Line of Credit.

**Insurance Warranties.** I agree to purchase any insurance coverage that is required, in the amounts you require, as described in this or any other documents that I sign for this Home Equity Line of Credit. I will provide you with continuing proof of coverage. I will buy or provide insurance from a firm licensed to do business in the state where the Subject Property is located, and I understand that said firm must be reasonably acceptable to you. I will have the insurance company name you as loss payee on any insurance policy. You will apply the insurance proceeds toward what I owe you on the outstanding balance. I agree that if the insurance proceeds do not cover the amounts I still owe you, I will pay the difference. I will keep the insurance until all debts secured by this Agreement are paid in full.

**Prepayment.** If I prepay in full or if I default and you demand payment of the unpaid balance, I may be entitled to a partial refund credit of any prepaid, unearned insurance premiums. This refund may be obtained from you or from the insurance company named in my policy or certificate of insurance.

**6. FEES AND CHARGES.** In addition to the interest portion of the Finance Charge, I agree to pay these additional fees and charges as set forth in Exhibit A.

**Annual Fee.** The annual fee will be billed on the first anniversary of this Agreement and is non-refundable. The annual fee will be billed to us each year in the same month this Agreement is signed.

**7. PROMISE TO PAY.** For valued received, I promise to pay to you or your order, at your address, or at such other location as you may designate, the principal amount of $ **88,000.00**    (Credit Limit), or so much of the Credit Limit as may be advanced from time to time under the terms of this Agreement, plus costs, expenses and interest accruing as described in this Agreement until this Agreement matures or this obligation is accelerated.

**A. Agreement Term.** The Draw Period is a period during the term of this Agreement when I may request advances. I will also make payments on the Loan Account Balance during the Draw Period. The Repayment Period is the period during which I must repay the outstanding Loan Account Balance, but may not request further advances. Periodic minimum payments are required during the entire term of this Agreement.

The Draw Period is  180  months, beginning on the date of this Agreement and lasting until  **November 17, 2019**. The Repayment Period will then continue for **120** months from that date and lasting until **11/17/2029**    (Maturity Date). I may request to renew this Line of Credit at that time.

Except where otherwise indicated, the regulatory disclosures contained in this Agreement apply to both the Draw Period and the Repayment Period.

**B. Advances Subsequent to My Initial Advance (If Applicable).** I can request advances by the following methods:
(1) I write a check or a share draft.

**C. Advance Limitations.** Requests for, and access to, advances are subject to the following limitations.

1. Initial Advance. After my right to rescind this contract ends I will receive an Initial Advance of $ **88,000.00** and/or have the right to use my account.

2. Minimum Advance. I will only request advances that equal, or exceed $100.00 (Minimum Advance).

3. Advance Amount. When I request an advance, you will, subject to the limitations contained in this Agreement, advance exactly the amount that I request, so long as the requested amount equals or exceeds the Minimum Advance amount. You will make the advance by one of the methods described in the Advances section. You will record the amount as an advance and increase my Loan Account Balance.

4. If my request is for less than the Minimum Advance amount, you may, at your option, grant the request; however, granting the request does not mean you will be required to grant requests for less than the Minimum Advance amount in the future. You always have the option to deny any such request.

5. Credit Limit. I understand that you will not ordinarily grant a request for an advance that would cause the unpaid principal of my Loan Account Balance to be greater than my Credit Limit. You may, at your option, grant such a request without obligating yourselves to do so in the future.

TION OF FINANCE CHARGES. Finance charges begin to accrue immediately when you make an advance
he finance charge for a Billing Cycle, a daily periodic rate is multiplied by the principal amount of my Loan
· day. To determine the Principal Balance for each day, you first take my Loan Account Balance at the
·d subtract any unpaid finance charges and credit insurance premiums (if any) that are due. Next, you
payments or credits received that day which apply to the repayment of my debt (a portion of each
·d to finance charges and credit insurance premiums, if any). Then you add any new advances
·= is the Principal Balance.

Percentage Rate. The periodic rate used in calculating the **FINANCE CHARGE** is
hich corresponds to an **ANNUAL PERCENTAGE RATE** of  5.000    percent per
,ate includes interest and not other costs.

(LASER PRO, Reg. U.S. Pat. & T.M.Off., Version 0.0.3.5    (c) 1998 CFI ProServices, Inc. All Rights Reserved.  EQ-HELCA.rvsd. 1201.2001)

Initials

**B. Variable Rate.** The **ANNUAL PERCENTAGE RATE** may change. It will always be the value of the Index which is described as the highest base rate on corporate loans posted by at least 75% of the nation's 30 largest banks that the Wall Street Journal publishes as the Prime Rate, plus a margin of **0.825** percentage points. This rate will be rounded to the nearest .001 percent. The **ANNUAL PERCENTAGE RATE** may increase if the Index rate increases. An Index rate increase will result in an increase in the interest portion of the finance charge and it may have the effect of increasing my periodic Minimum Payment. A decrease in the Index rate will have the opposite effect of an increase.

An Index rate increase or decrease will take effect on the first day of the billing cycle. The **ANNUAL PERCENTAGE RATE** can increase or decrease monthly, after remaining fixed for one month. If the Index rate changes more frequently than the **ANNUAL PERCENTAGE RATE**, you will use the Index rate in effect on the day that you adjust the **ANNUAL PERCENTAGE RATE** to determine the new **ANNUAL PERCENTAGE RATE**. In such a case, you will ignore any changes in the Index rate that occur between **ANNUAL PERCENTAGE RATE** adjustments.

**C. Rate Change Limitations. ANNUAL PERCENTAGE RATE** changes are subject to the following limitations:
(1) There is no limit on the amount by which the annual percentage rate can change in any one period.

(2) The maximum **ANNUAL PERCENTAGE RATE** that can apply during the term of this Line of Credit is 18 percent, or the maximum annual percentage rate allowed by applicable law, whichever is less.

**D. Discounted Rate.** The stated rate reflects a discount equal to **0.825** percentage points of the corresponding **ANNUAL PERCENTAGE RATE**. This Discounted Rate will be in effect until **MAR 17, 2005** (90 days from the date of this Agreement). At that time, the rate will be subject to further adjustments and limitations, and produce the effects described above. If this rate was based on the actual rate, the periodic rate used in calculating the **FINANCE CHARGE** would be **0.015959** percent per period, which corresponds to an **ANNUAL PERCENTAGE RATE** of **5.825** percent per annum.

9.  **PAYMENTS.**

**A. Payment Date.** During the term of this Agreement, a Minimum Payment will be due by the Payment Date for any Billing Cycle in which there is an outstanding balance on my account. My Minimum Payments will be due monthly on the 20th of each month no less than 30 days following the agreement date.

**B. Payment Amount.** On or before each Payment Date, I agree to make a payment of at least the Minimum Payment amount. During the Draw Period, a Minimum Payment will equal the amount of any credit insurance premiums that are due; earned fees and charges; and the amount of accrued interest on the last day of the billing cycle or $100.00 or 1.000 percent of the Loan Account Balance (Principal plus interest), whichever is greatest. This amount will be rounded up to the nearest $0.01.

During the Repayment Period, a Minimum Payment will equal the amount of any credit insurance premiums that are due; earned fees and charges; and the amount of accrued interest on the last day of the billing cycle plus 0.8333 percent of the Principal at the end of the Draw Period. This amount will be rounded up to the nearest $0.01.

**C. Principal Reduction.** The Minimum Payments may not fully repay the Principal Balance outstanding on my Loan Account Balance.

**D. Final Payment.** At maturity, I may have to repay the entire outstanding Loan Account Balance in a single payment. At that time you may, but are not obligated to, refinance this Line of Credit. If you do refinance this Line of Credit at maturity, I understand that I may have to pay some or all of the closing costs normally associated with a new loan.

**E. Additional Payment Terms.** If my Loan Account Balance on a payment date is less than the Minimum Payment amount, I must pay only the Loan Account Balance. If I fail to make a payment. you may, but are not required to, advance money to me to make the payment. All the terms of this Agreement would apply to such an advance. I can pay off all or part of what I owe at any time. However, so long as I owe any amount I must continue to make my periodic Minimum Payment. The amounts I pay will be applied first to any charges I owe other than principal and finance charges (e.g.. credit insurance premiums), then to any finance charges that are due, and finally to principal.

**F. Negative Amortization.** In the event that the Minimum Payment in the Payment Amount section does not equal or ~eed the amount of any credit insurance premiums and accrued or earned finance charges, the unpaid portion will be ⌐ over to subsequent billing periods and payments made for those periods will first be applied to the carryover then to the current Billing Cycle fees, charges and principal. This is called negative amortization. Negative ㄱ will increase the amount that I owe you and reduce the equity in my home.

**TEMENTS.** If I have an outstanding balance on my account or have any account activity, you will send at the end of each Billing Cycle. This periodic statement will reflect, among other things, credit other charges, payments made, other credits, my previous account balance, and my new account ~nt will also identify my Minimum Payment for the cycle and the date that it is due (Payment

LASER PRO. Reg. U.S. Pat. & T.M.Off.,Version 0.0.3.5    (c) 1998 CFI ProServices, Inc. All Rights Reserved. EQ-HELCA rred. 1201.2001)

Initials 

**11. CHANGING THE TERMS OF THIS AGREEMENT.** I understand that you reserve the right to change the terms of this Agreement upon proper notice. A change will be effective fifteen (15) days after you send written notice of a change to me. I agree to the changes listed here.

    A. You may make changes that I agree to in writing.
    B. You may make changes that unequivocally benefit me.
    C. You may make changes to insignificant terms of this Agreement.
    D. You may change the Index and Margin if the original Index becomes unavailable. Any new index must have a historical movement similar to the original and, together with the margin, produce a similar interest rate.

*I also* agree to the additional changes you may make as described elsewhere in this Agreement. So that you may send any notice of a change in terms to me, I agree to inform you of any change in my address.

**12. AMENDMENT, INTEGRATION AND SEVERABILITY.** This Agreement may not be amended or modified by oral agreement. No amendment or modification of this Agreement is effective unless made in writing and executed by you and me. This Agreement is the complete and final expression of the agreement. If any provision of this Agreement is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable.

**13. DEFAULT.** I will be in default if any of the following occur:

    **A. Fraud.** I engage in fraud or material misrepresentation in connection with this Line of Credit.

    **B. Payments.** I fail to make a payment as required by this Agreement.

    **C. Property.** My action or inaction adversely affects the Property or your rights in the Property.

**14. LATE CHARGES.** If a payment is more than **10** days late, I will be charged the lesser of $ **20** or **5** percent of the Unpaid Portion of Payment. I will pay this late charge promptly but only once for each late payment. Under no circumstance, will the amount of the late charge exceed the amount permitted by applicable laws in the state where the Subject Property is located.

**15. SUSPENSION OF CREDIT AND REDUCTION OF CREDIT LIMIT.** You may temporarily prohibit me from obtaining additional advances, or reduce the amount of my credit limit if:

    A. The value of the Property securing this Line of Credit declines significantly below its appraised value for purposes of this Line of Credit;

    B. You reasonably believe that I will not be able to meet the repayment requirements due to a material change in my financial circumstances;

    C. I am in default of a material obligation of this Agreement or any instrument securing this Agreement, which shall include the events of default set forth in Paragraph 13 and my ongoing obligation to supply you with information you feel you need to assess my financial condition;

    D. A governmental action prevents you from imposing the annual percentage rate provided for in this Agreement;

    E. The action of a governmental body adversely affects your security interest to the extent that the value of the security interest is less than 120 percent of my Credit Limit; or

    F. A regulatory agency has notified you that continued advances would constitute an unsafe and unsound practice.

In the event that you suspend my right to additional advances or reduce my Credit Limit, you will send me notice of your decision at the Subject Property address listed within this Agreement. I will inform you of any change in my address. If you
  ve based your decision to suspend or reduce my credit privileges on an assessment of my financial condition or performance
    *this* Line of Credit, and I believe that my situation has changed, I must request that you re-evaluate my situation, and
     my credit privileges. My request will be in writing and will explain why I believe you should reinstate my

    **AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand,
     n, notice of intent to accelerate, and notice of dishonor.

     **ivers by Borrower.** In addition, I, and any party to this Agreement and Line of Credit, to the extent
       sent to certain actions you may take, and generally waive defenses that may be available based on
        d on the status of a party to this Agreement.

(LASER PRO, Reg. U.S. Pat. & T.M.Off., Version 0.0.3.5      (c) 1998 CFI ProServices, Inc. All Rights Reserved.  EQ-HELCA rvsd. 1201.2001)

Initials 

(1) You may renew or extend payments on this Agreement, regardless of the number of such renewals or extensions.

(2) You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

(3) You may release, substitute or impair any Property securing this Agreement.

(4) You, or any institution participating in this Agreement, may invoke your right of set-off.

(5) You may enter into any sales, repurchases or participations of this Agreement to any person in any amounts and I waive notice of such sales, repurchases or participations.

(6) I agree that any of us signing this Agreement as a Borrower is authorized to modify the terms of this Agreement or any instrument securing, guarantying or relating to this Agreement.

(7) I waive my right to the benefit of exemption as to my property securing, or to secure, this Line of Credit.

**B. No Waiver by Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in this Agreement, or other Line of Credit documents, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

**17. REMEDIES.** After I default, and after you give any legally required notice and opportunity to cure the default, you may at your option do any one or more of the following:

**A. Termination & Acceleration.** You may terminate this Line of Credit and notify me that all or any part of the amount owing by the terms of this Agreement is immediately due.

**B. Advances.** You may temporarily or permanently prohibit any additional advances on the Line of Credit.

**C. Credit Limit.** You may temporarily or permanently reduce the Credit Limit.

**D. Additional Security.** You may demand security, additional security, or additional parties to be obligated to pay this Agreement.

**E. Sources.** You may use any and all remedies you have under state or federal law or in any instrument securing this Agreement.

**F. Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on my default.

**G. Payments Made On My Behalf.** Amounts advanced on my behalf will be immediately due and may be added to the balance owing under the terms of this Agreement, and accrue interest at the highest post-maturity interest rate.

**H. Attachment.** You may attach or garnish my wages or earnings.

**I. Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use any specific remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or re-occurs.

**18. WARRANTIES AND REPRESENTATIONS.** I have the right and authority to enter into this Agreement. The execution and delivery of this Agreement will not violate any agreement governing me or to which I am a party.

**19. TERMINATION OF ACCOUNT.** Either party may terminate this Line of Credit. I may terminate this Line of Credit and cancel this Agreement at any time upon written notice to you. If you terminate this Line of Credit as provided for in this Agreement, you will send me notice of termination at my last address known to you. Termination will not affect my obligation to repay advances made prior to the termination, nor will it alter my duties to perform under the terms of an instrument securing this Agreement until such instrument is released.

**20. DEFAULT - COLLECTION EXPENSES AND ATTORNEYS' FEES.** On or after Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Agreement. Expenses are limited to the costs actually incurred for recording, mailing, publishing, and posting legal required notices, costs of postponement not to exceed $50, litigation ore trustee sale fees, and attorneys fees allowed by law. These expenses are due and payable immediately. If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the highest interest rate in effect as provided for under the terms of this Agreement. All fees and expenses will be secured by the Subject Property that I have granted to you. To the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees you incur to collect this debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.

Initial: 

**21. JOINT AND INDIVIDUAL LIABILITY AND SUCCESSORS.** My obligation to pay this Line of Credit is independent of the obligation of any other person who has also agreed to pay it. You may sue me individually; or sue anyone else who is obligated on this Line of Credit; or sue any number of us together, to collect this Line of Credit. Extending this Line of Credit, or new obligations under this Line of Credit, will not affect my duty under this Line of Credit and I will still be obligated to pay this Line of Credit. The duties and benefits of this Line of Credit will bind and benefit the successors and assigns of you and me.

**22. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed within this Agreement, or to any other address designated in writing. Notice to one party will be deemed to be notice to all parties. I will inform you in writing of any change in my name, address or other application information. I will provide you any financial statement or other information that you request. All financial statements and information that I give you will be correct and complete. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Line of Credit and to confirm your lien status on the Subject Property. I agree to provide all financial statements and other requested information in a timely manner.

**23. CREDIT INFORMATION.** I agree that from time to time you may obtain credit information about me from others, including other lenders and credit reporting agencies, and report to others (such as a credit reporting agency) your credit experience with me. I agree that you will not be liable for any claim arising from the use of information provided to you by others or for providing such information to others.

Further, I agree to supply you with whatever information you reasonably feel you need to decide whether to continue this Line of Credit. You will make requests for this information without undue frequency, and will give me reasonable time in which to supply the information.

**24. ARBITRATION.**

**THIS ACCOUNT PROVIDES THAT EXCEPT AS DETAILED IN THIS PARAGRAPH ALL CLAIMS (AS DEFINED BELOW) WILL BE RESOLVED BY BINDING ARBITRATION. BY SIGNING THIS AGREEMENT, THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT TO LITIGATE THE CLAIM IN COURT, PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OR CLAIMANTS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION OR HAVE A JURY TRIAL FOR CLAIMS THAT ARE SUBJECT TO ARBITRATION.**

**(A) AGREEMENT TO ARBITRATE CLAIMS.** Any claim, dispute, or controversy (collectively "Claim") between you and us (except those listed below in Paragraph 24(B) including but not limited to those arising out of this Account, my application, advertisements, servicing and collection of this Account, any outstanding balance, insurance products or services, as well as any other disclosure or document related to this account and agreement shall exclusively be resolved by **BINDING ARBITRATION** by an arbitrator of the American Arbitration Association ("AAA") in accordance with (1) the Federal Arbitration Act; (2) the Expedited Procedures of the Commercial Rules of the AAA and the AAA Supplementary Procedures for Consumer Related Disputes and (3) this Paragraph. The term Claim shall be given the broadest possible meaning. The terms of this Paragraph shall control any inconsistency between the arbitration rules and this Paragraph. I may obtain a copy of the arbitration rules by writing the AAA at American Arbitration Association 335 Madison Avenue 10th Floor New York, NY 10017-4605. An Action to compel arbitration may be brought at any time even after a Claim has been commenced or raised in a court of law or equity or the Agreement has been paid in full. At my written request you will pay all my fees up to $1,000 for the AAA's cost of the arbitration of the Claim. If the cost of the    AAA arbitration exceeds $1,000 the parties will share the excess cost equally unless otherwise ordered by the AAA  because my costs in pursuing the arbitration would be prohibitive. Unless inconsistent with applicable law each party  shall pay his/her own attorney, expert and witness fees and expenses.

**(B) CLAIMS EXCLUDED FROM JURISDICTION.** The following actions shall not be subject to arbitration: any action to obtain possession of the property securing the Account; any action for prejudgment injunctive relief or  appointment or receiver(s). In addition, you agree that you will not require me to arbitrate an individual Claim brought against you in small claims court or my equivalent state court, if any; however, if that Claim is transferred or appealed to a different court, you reserve the right to require arbitration under this Paragraph.

**(C) JUDGEMENT and ADDITIONAL TERMS.** An arbitration award shall be final and may be entered as a judgement in any court having jurisdiction, except that if the amount in controversy exceeds $10,000 either party may appeal the arbitrator's award to a three-arbitrator panel of the AAA which shall re-consider de novo any aspect of the  initial award. The costs of such appeal will be borne by the appealing party regardless of the outcome of the appeal. I  agree that any arbitration proceeding will only consider my Claims. Claims by or on behalf of other borrowers,  co-borrowers, co-signers, sureties or applicants will not be arbitrated in any proceeding that is considering my claim.

This Paragraph shall survive any termination of this Agreement or the Security Instrument including but not limited to repayments of amounts owed on this Agreement and an event of default. If any portion of this arbitration provision is deemed invalid or unenforceable, this shall not invalidate the remaining portions of the arbitration provision or this Agreement.



# YOUR BILLING RIGHTS
## KEEP THIS NOTICE FOR FUTURE USE

This notice contains important information about your rights and our responsibilities under the Fair Credit Reporting Act.

### Notify Us In Case of Errors or Questions About Your Bill

If you think your bill is wrong, or if you need more information about a transaction on your bill, write to us at the address listed on your bill. Write to us as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:

> Your name and account number.
> The dollar amount of the suspected error.
> Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are not sure about.

### Your Rights and Our Responsibilities After We Receive Your Written Notice

We must acknowledge your letter within 30 days, unless we have corrected the error by then. Within 90 days, we must either correct the error or explain why we believe the bill was correct.

After we receive your letter, we cannot try to collect any amount you question, or report you as delinquent. We can continue to bill you for the amount you question, including finance charges, and we can apply any unpaid amount against your credit limit. You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of your bill that are not in question.

If we find that we made a mistake on your bill, you will not have to pay any finance charges related to any questioned amount. If we did not make a mistake, you may have to pay finance charges, and you will have to make up any missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that we think you owe, we may report you as delinquent. However, if our explanation does not satisfy you and you write to us within ten days telling us that you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. And, we must tell you the name of anyone we reported you to. We must tell anyone we report you to that the matter has been settled between us when it finally is.

If we don't follow these rules, we can't collect the first $50 of the questioned amount, even if your bill was correct.

### Notice to Borrower

You have the right to be represented by an attorney of your own choosing, at your cost at the time this Agreement is signed.

Read the entire Agreement before you sign.

You are entitled to a copy of this Agreement.

You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with the law.

Do not sign the Agreement if it contains blank spaces. All spaces should be completed before you sign.

This Loan Agreement is secured by a secondary mortgage on your real property. Default in the payment of this loan may result in loss of the property securing this loan.

**SIGNATURES.** By signing, I agree to the terms contained in this Agreement. I also acknowledge receipt of a copy of this Agreement.

BORROWER:

_____
Christian Apodaca

_____
Sandra Gamez

**LENDER:**
**GMAC Mortgage Corporation DBA ditech.com**

_____
Janett Hoffman
(Authorized Signature)

PAY TO THE ORDER OF

_____
WITHOUT RECOURSE

_____
D. Chiodo
Limited Signing Officer
Acting Agent for
GMAC MORTGAGE CORPORATION
DBA DITECH.COM

000655315495

# Exhibit A

This Exhibit A is a part of and supplements your Home Equity Line of Credit Open-End Agreement ("Agreement").

**FEES AND CHARGES.** In addition to the Finance Charge I agree to pay these additional fees and charges:

| | | |
|---|---|---|
| **Loan Origination Fee** | $ | _____ |
| **Loan Discount** | $ | _____ |
| **Processing Fee** | $ | _____ |
| **Application Fee** | $ | _____ |
| **Credit Report Fee** | $ | _____ |
| **Abstract or Title Search** | $ | 75.00 |
| **Title Examination** | $ | _____ |
| **Recording Fees** | $ | 36.00 |
| **City/County Tax Stamps** | $ | _____ |
| **State Tax Stamps** | $ | _____ |
| **Mortgage Tax** | $ | _____ |
| **State/Intangible Tax** | $ | _____ |
| **Administration Fee** | $ | _____ |
| **Title Insurance** | $ | _____ |
| **Title Insurance (Lender Coverage)** | $ | _____ |
| **Title Insurance (Owner Coverage)** | $ | _____ |
| **Title Insurance Binder** | $ | _____ |
| **Discount Points (Margin Buydown)** | $ | _____ |
| **Settlement/Closing Fee** | $ | _____ |
| **Document Signing Fee** | $ | 0.00 |
| | | |
| **Total** | $ | 111.00 |

Any amount listed for Discount Points, Loan Origination Fee, Loan Discount, Processing Fee, Application Fee, Administration Fee, Settlement/Closing Fee and Document Signing Fee constitute a FINANCE CHARGE.

If no amounts are listed above, then no additional fees and charges apply.

By signing this Exhibit A, I agree to repay the amounts set in this Exhibit A according to the terms and conditions set forth in Agreement.

Christian Apodaca                                    12-21-08
                                                     Date

Sandra Gamez                                         12-21-04
                                                     Date

                                                     _____
                                                     Date

                                                     _____
                                                     Date

EQ-ADD    1/2004

**RECORDING REQUESTED BY:**

First American Mortgage Solutions

**WHEN RECORDED MAIL TO:**

DBI/ASG Coinvestor III, LLC
2002 Brazos Court
Westlake TX 76262

---

Title Order No.:
APN: 6277-007-013

Trustee Sale No.: 81600

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

Loan No.: 9900743003

DBI - 167153

## ASSIGNMENT OF DEED OF TRUST
### IMPORTANT NOTICE

NOTE: After having been recorded, this Assignment should be kept with the
Note and the Deed of Trust hereby assigned.

**FOR VALUE RECEIVED,** the undersigned hereby grants, assigns and transfers to DBI/ASG COINVESTOR FUND III, LLC **all beneficial interest under that certain Deed of Trust dated** *17, 2004, **executed by** CHRISTIAN APODACA, A SINGLE MAN AND SANDRA GAMEZ, AN UNMARRIED WOMAN AS JOINT TENANTS, **as Trustor; to** EXECUTIVE TRUSTEE SERVICES, INC., **as Trustee; and recorded on** JANUARY 3, 2005 **as document #** 05 0001931 **of official records in the Office of the County Recorder of** Los Angeles County, California. *December

**TOGETHER** with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust including the right to have reconveyed, in whole or in part, the real property described therein.

**Property Address:** 9470 HEINER STREET, BELLFLOWER CA 90706

DATE: August 10, 2016

DBI/ASG MORTGAGE HOLDINGS

BY: William Buchanan
TITLE: Vice President

EXHIBIT C

**Title Order No.:**
**Trustee Sale No.:**      81600
**Loan No.:**              9900743003

**ASSIGNMENT OF DEED OF TRUST – Page 2**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the his
document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

## NOTARY ACKNOWLEDGMENT

STATE OF    TEXAS

COUNTY OF _Dallas_

On _8/17/16_ before me, _Demetrie King_ , Notary Public, personally
appeared _William Buchanan_ who proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Texas that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

_____
Notary Public Signature

DEMETRIE KING
Notary Public, State of Texas
Comm. Expires 12-10-2019
Notary ID 130465085

**This page is part of your document - DO NOT DISCARD**



## 20161179681



Pages:
0003

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**09/28/16 AT 08:00AM**

| | |
|---|---:|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |



**L E A D S H E E T**



201609281120001

**00012701468**



007833049

**SEQ:
01**

SECURE - 8:00AM



**THIS FORM IS NOT TO BE DUPLICATED**

8671851 RCV

E190150



**Loan Paq Barcode Page Document**

| | |
|---|---|
| Loan No: | DBI-167153 |
| Borrower: | APODACA,, CHRISTIAN |
| Address: | 9470 HEINER STREET, BELLFLOWER, CA 90706 |
| Contract Code: | DBIIM |
| Batch Code: | MMH7552488 |
| Loan Amount: | $88,000.00 |







Loan ID:12845704

Document ID:  loanpq

sc_bcidatix

Recording Requested By:
**T.D. SERVICE COMPANY**

And When Recorded Mail To:
**T.D. Service Company**
**4000 W Metropolitan Dr Ste 400**
**Orange, CA  92868**

_____ Space above for Recorder's use _____

Customer#: **697/2**   Service#: **3825574AS2**   |||||||||||||||||||||||||||||||||||||+
Loan#: **1000743003**

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, **ROUNDPOINT MORTGAGE SERVICING CORPORATION, 5032 PARKWAY PLAZA BLVD., CHARLOTTE, NC 28217-0000**, hereby assign and transfer to **DBI / ASG COINVESTOR FUND III, LLC, 4144 NORTH CENTRAL EXPRESSWAY SUITE 900, DALLAS, TX 75204-0000**, all its right, title and interest in and to said Deed of Trust in the amount of **$88,000.00**, recorded in the State of **CALIFORNIA**, County of **LOS ANGELES** Official Records, dated **DECEMBER 17, 2004** and recorded on **JANUARY 03, 2005**, as Instrument No. 05 0001931, in Book No. ----, at Page No. ----. Executed by **CHRISTIAN APODACA, A SINGLE MAN AND SANDRA GAMEZ, AN UNMARRIED WOMAN AS JOINT TENANTS**, as trustors, **EXECUTIVE TRUSTEE SERVICES, INC.**, as trustee and, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR GMAC MORTGAGE CORPORATION DBA DITECH.COM, ITS SUCCESSORS AND ASSIGNS** as the original beneficiary. Legal Description: **As more fully described in said Deed of Trust.**

Date: _**OCT 0 3 2014**_
**ROUNDPOINT MORTGAGE SERVICING CORPORATION**

By: _____
    **Craig Davenport, Assistant Vice President**

State of    **CALIFORNIA**          }
County of   **ORANGE**            } ss.

On _**OCT 0 3 2014**_, before me, J. Garcia, a Notary Public, personally appeared **Craig Davenport**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.  I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
Witness my hand and official seal.

_____
(Notary Name): **J. Garcia**

```
J. GARCIA
Commission # 2043600
Notary Public - California
Orange County
My Comm. Expires Oct 1, 2017
```

DBI- 167153

 **This page is part** of your document - **DO NOT DISCARD** 

**20141070820**

 

**Pages:**
**0002**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**10/09/14 AT 01:50PM**

| | |
|---|---|
| **FEES:** | 18.00 |
| **TAXES:** | 0.00 |
| **OTHER:** | 0.00 |
| **PAID:** | 18.00 |

 

L E A D S H E E T

 

11209101 01 52



0000071.910

0.

SEQ:
07

DAR - Daily

 

 THIS FORM IS NOT TO BE **DUPLICATED**   E36

*E497023*

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

Title Order No.: 8671851          Trustee Sale No.: 81600          Loan No.: 9900743003
APN: 6277-007-013

# ASSIGNMENT OF DEED OF TRUST
## IMPORTANT NOTICE

NOTE: After having been recorded, this Assignment should be kept with the
Note and the Deed of Trust hereby assigned.

**FOR VALUE RECEIVED,** the undersigned hereby grants, assigns and transfers to THE LEMOINE GROUP, INC. **all beneficial interest under that certain Deed of Trust dated** DECEMBER 17, 2004, **executed by** CHRISTIAN APODACA, A SINGLE MAN AND SANDRA GAMEZ, AN UNMARRIED WOMAN AS JOINT TENANTS, **as Trustor; to** EXECUTIVE TRUSTEE SERVICES, INC., **as Trustee; and recorded on** JANUARY 3, 2005 **as document #** 05 0001931 **of official records in the Office of the County Recorder of** LOS ANGELES **County, California.**

**TOGETHER** with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust including the right to have reconveyed, in whole or in part, the real property described therein.

Property Address: 9470 HEINER STREET, BELLFLOWER CA 90706

DATE: DECEMBER 2, 2016

DBI/ASG COINVESTOR FUND III, LLC

MATTHEW PUCHFERRAN, VICE PRESIDENT

**Title Order No.:**     8671851
**Trustee Sale No.:**    81600
**Loan No.:**            9900743003

**ASSIGNMENT OF DEED OF TRUST – Page 2**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
> document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

## NOTARY ACKNOWLEDGMENT

STATE OF _Florida_

COUNTY OF _Palm Beach_

On _12-2-16_ before me, _Daniel Scott Salisbury_ Notary Public, personally
appeared _Matthew Puchtella_ who proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Florida that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

Notary Public Signature



**This page is part of your document - DO NOT DISCARD**



## 20170038131



**Pages:
0004**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**01/10/17 AT 08:00AM**

| | |
|---|---|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 24.00 |



**L E A D S H E E T**



201701100180019

00013221130

008072043

**SEQ:
07**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

T97

RECORDING REQUESTED BY

**WHEN RECORDED MAIL TO:**

Pacific Trend Properties
1411 S. Rimpau Ave. #205
Corona, CA 92879

01/10/2017

*20170038131*

2

SPACE ABOVE THIS LINE IS RESERVED FOR RECORDER'S USE

## TITLE

Corporate Assignment of Deed of Trust

②

Recording Request By:

When Recorded Return To:
*Pacific Trend Properties*
*1411 S Rimpau Ave, Ste 205*
*Corona, CA 92879*  _____  _____

③

*APODACACHRISTIAN*

## CORPORATE ASSIGNMENT OF DEED OF TRUST

**Los Angeles, California**   **RERERENCE#: APODACACHRISTIAN**        **"APODACA"**

For Value Received, THE LEMOINE GROUP, INC., a California Corporation at 13210 Harbor Blvd PMB 149, Garden Grove, CA 92843, hereby grants, assigns and transfers to SILVERGATE TRUST, DATED 12/07/16, JOHN R. DONALDSON TRUSTEE at 1411 S. Rimpau Ave, Ste. 205, Corona, CA 92879 all beneficial interest under that certain Deed of Trust dated December 17, 2004, in the amount of $88,000.00, executed by Christian Apodaca, a single man and Sandra Gamez, an unmarried woman as joint tenants, to Executive Trustee Services, Inc., as trustee and recorded: 01/03/2005 as Instrument No.: 05 0001931 in Los Angeles County, State of California and all rights accrued or to accrue under said Deed of Trust.

In witness whereof this instrument is executed.

The Lemoine Group, Inc.
On 12/15/16
_Gerald A Lemoine_
Gerald A. Lemoine, President

> A Notary public or other officer completing this
> certificate verifies only the identity of the
> individual who signed the document, to which this
> certificate is attached, and not the truthfulness,
> accuracy, or validity of the document.

STATE OF CALIFORNIA
COUNTY OF orange

On 12/15/16 , before me, Marilyn Damian Mendoza _____, a
Notary Public, personally appeared Gerald A. Lemoine _____ who proved to me
on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribe to the within instrument and
acknowledge to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNES my hand and official seal,

_[signature]_

Notary Expires: 6/19/2019

**MARILYN DAMIAN MENDOZA**
Commission No. 2116233
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Comm. Expires JUNE 19, 2019

(This area for notarial seal)

7A

# 3-in-1 CERTIFICATION

Pursuant to the provisions of Government Code 27361.7, I certify under penalty of perjury that
the Notary Seal on the document to which this statement is attached reads as follows:

Name of Notary: _Marilyn Damian Mendoza_

Commission no.: _2116233_

County where bond is filed: _Orange_

Commission expiration date: _June 19, 2019_

Vendor/Manufacturer's no: _NCC1_

Pursuant to the provisions of Government Code 27361.7, I certify under penalty of perjury that
the illegible portion of this document to which this statement is attached reads as follows:

_____

_____

_____

_____

_____

_____

Pursuant to the provisions of Government Code 27361.7, I certify under penalty of perjury that
the illegible portion of this document to which this statement is attached reads as follows:

State of _____
County of _____
On _____ before me,_____ A NOTARY PUBLIC, personally appeared
_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.
WITNESS my hand and official seal.
Signature_____        (Seal)

PLACE OF EXECUTION: _Brea, CA_

DATE: _1/9/17_

SIGNATURE: _Genus S._

, DPS Agent



06/24/2013

*20130934162*

Recording requested by:

When recorded mail to:

RoundPoint Mortgage Servicing Corporation
5032 Parkway Plaza Blvd
Charlotte, NC 28217

APN: 6277-007-013                          Space above this line for recorders use
TS No.: CA-13-563639-CL
Order No.: 130119943-CA-API
MERS MIN No.: 100037506553154957       MERS Telephone No. 1-888-679-6377

## Assignment of Deed of Trust

For value received, the undersigned hereby grants, assigns, and transfers to

**RoundPoint Mortgage Servicing Corporation**

All beneficial interest and all rights accrued or to accrue under that certain Deed of Trust dated **12/17/2004** executed by **CHRISTIAN APODACA, A SINGLE MAN AND SANDRA GAMEZ, AN UNMARRIED WOMAN AS JOINT TENANTS**, as Trustor(s) to **EXECUTIVE TRUSTEE SERVICES, INC.**, as Trustee and recorded as Instrument No. **05 0001931**, on **1/3/2005**, of Official Records in the office of the County Recorder of **LOS ANGELES** County, **CA**, that secures the underlying promissory note.

TS No.: **CA-13-563639-CL**
Page 2

Dated: 6/18/2013

**MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AS NOMINEE FOR GMAC
MORTGAGE CORPORATION DBA DITECH.COM.,
ITS SUCCESSORS AND ASSIGNS**

By: Dawn Kernicky

State of: North Carolina
)ss.
County of: Mecklenburg

On ___6·18·13___ before me, ___Amber Todd___ a notary public, personally appeared ___Dawn Kernicky___, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of ___North Carolina___ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.        (Seal)



AMBER TODD
Notary Public, North Carolina
Cabarrus County
My Commission Expires
3/16/2015